NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BERNARD PUNTER and TRACI WALKER, | Civil Action No. 12-7828 (SRC) |
| Plaintiffs, | OPINION |
| v. | |
| JASMIN INTERNATIONAL CORP. and MARJAN NACEZ, | |
| Defendants. | |

**CHESLER**, District Judge

This matter comes before the Court upon the motion for default judgment brought by Plaintiffs Bernard Punter and Traci Walker ("Plaintiffs"), pursuant to Federal Rule of Civil Procedure 55(b) [Docket Entry 6]. Defaulting Defendants Jasmin International Corp. and Marjan Nacez ("Defendants") failed to oppose the motion. For the reasons below, the Court grants Plaintiffs' motion for an entry of default judgment.

I.   **Background**

This matter involves claims for unpaid and underpaid wages. Plaintiffs worked as truck drivers for Defendants from May to October of 2012. Plaintiffs allege that Defendants failed to pay them minimum and overtime wages, and unlawfully deducted funds from Plaintiffs' pay. Accordingly, Plaintiffs claim that Defendants violated the Fair Labor Standards Act ("FLSA"), the New Jersey Wage Payment Collection Law ("NJWPCL"), and the New Jersey Wage and

1

2

Hour Act ("NJWHA"). Plaintiffs seek back pay and benefits, liquidated damages, and attorneys' fees. Because this action arises under the FLSA, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and it exercises supplemental jurisdiction over the state matters, which arise from the same facts as the federal claim.

On January 24, 2013, a Process Server successfully served Defendants with the Summons and a Copy of the Complaint [Docket Entry 3]. Defendants failed to answer or respond. Upon Plaintiffs' motion, the Clerk of the Court entered default against Defendants pursuant to Federal Rule of Civil Procedure 55(b) on June 19, 2013 [Docket Entry 5]. Defendants did not move to vacate the default. Plaintiffs then moved for Default Judgment on November 7, 2013.

**II.     Discussion**

    **A.  Legal Standard**

Fed.R.Civ.P. 55(b)(2) authorizes the entry of a default judgment against a party that has defaulted. In the Third Circuit, "the entry of a default judgment is left primarily to the discretion of the district court." Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984). Before it enters default judgment, the district court must find that the Complaint's factual allegations "constitute a legitimate cause of action." Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 536 (D.N.J. 2008). The court accepts as true the complaint's factual assertions, except those pertaining to damages, which the movant must instead prove. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

    **B.  Causes of Action**

Plaintiffs state numerous causes of action, all of which are supported by the Complaint's factual allegations and cited legal authority.

3

First, unless an enumerated exception applies, the FLSA entitles employees engaged in interstate commerce to the federal minimum wage of $7.25 per hour.  29 USC § 206(a).  The NJWHA similarly guarantees truck drivers minimum wage.  N.J.A.C. 12:56-19.2.  The Complaint alleges that Defendants failed to pay Plaintiffs minimum wage.

New Jersey law further requires employers to pay truck drivers one and one-half times the minimum wage for hours worked in excess of forty hours per week.  N.J.A.C. 12:56-19.3; In re Matter of Raymour and Flanigan Furniture, and Neil Goldberg, 405 N.J. Super. 367, 377 (2009).  The Complaint asserts that Defendants failed to pay Plaintiffs one and one-half times the minimum wage for their overtime hours.

Plaintiffs next seek compensation for time spent completing mandatory employment activities apart from driving, such as protecting truck cargo and resting during multiday shifts.  Truck drivers are required to complete such "off duty" tasks to remain alert while driving.  The Complaint alleges that Defendants sent Plaintiffs on 12-day tours, requiring Plaintiffs to spend hours sleeping and guarding their trucks without compensation.  The Department of Transportation ("DOT") classifies such activities as "off duty" for purposes of its safety regulations.  Yet for purposes of compensation, FLSA regulations appear to contemplate that some hours spent sleeping may be compensable.  See 29 C.F.R. §785.22.  The Department of Labor's Field Operation Handbook similarly asserts that in the absence of an agreement stating otherwise, time spent sleeping in a sleeper birth is compensable.  See Field Operations Handbook 31(b)(09), available at http://www.dol.gov/whd/FOH/FOH_Ch31.pdf; see also Friedrich v. U.S. Computer Servs., 974 F.2d 409, 417 (3d Cir. 1992) (consulting the handbook for interpretative guidance).

4

Last, Plaintiffs assert that Defendants unlawfully diverted their wages into an escrow account to pay for potential damage to Defendants' trucks. Under the NJWPCL, employers may withhold or divert wages only under certain circumstances. N.J.S.A. 34:11-4.4; Rosen v. Smith Barney, Inc., 393 N.J. Super. 578 (2007). Such diversion is not an enumerated category.

For the foregoing reasons, Plaintiffs have demonstrated that they are entitled to default judgment. Plaintiffs have been prejudiced by Defendants' failure to appear and have been denied the opportunity to obtain discovery and prosecute this action. Defendants bear culpability for their default, and an entry of default judgment is warranted. See Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008) (setting forth findings that Court must make before entering default judgment).

### C. Damages

Pursuant to Federal Rule of Civil Procedure 55(b)(2)(B), the Court referred this matter to Magistrate Judge Waldor for an evidentiary hearing to establish the amount of damages to be awarded in connection with the entry of default judgment. On September 9, 2014, Judge Waldor issued a Report and Recommendation ("R&R"). No objections have been filed to Judge Waldor's R&R. This Court has reviewed the R&R de novo and adopts the recommendations and reasoning therein. Accordingly, judgment will be awarded against Defendants in the amount of $45,290.70 plus prejudgment interest. That amount will be awarded as follows:

Plaintiff Punter

| | |
|---|---|
| FLSA Minimum Wages | $5,132.40 |
| Liquidated Damages | $5,132.40 |
| NJ Wage Act Overtime | $3,824.83 |
| Unlawful Deductions | $846.28 |
| Total | $14,935.92 |

<u>Plaintiff Walker</u>

| | |
|---|---|
| FLSA Minimum Wages | $3,906.47 |
| Liquidated Damages | $3,906.47 |
| NJ Wage Act Overtime | $4,297.92 |
| Unlawful Deductions | $558.92 |
| Total | $12,669.78 |
| | |
| <u>Counsel Fees</u> | $17,685.00 |

## III. Conclusion

For the foregoing reasons, Plaintiffs' motion for default judgment against Defendants will be granted. An Order awarding damages, costs and fees, as discussed above, will be filed.

                                             s/ Stanley R. Chesler
                                             STANLEY R. CHESLER
                                             United States District Judge

Dated: September 30, 2014.